# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN MICHAEL SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | Case No. 5:20-cv-00729-DSF (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254)** |

On April 9, 2020, Petitioner, who is currently in the Metropolitan State Hospital undergoing competency proceedings, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the petition is subject to summary dismissal without prejudice.

## PETITIONER'S ALLEGATIONS

According to Petitioner, beginning January 2017, someone initiated an attack upon him using electronic audio equipment. (ECF No. 1 at 1.) Since that time, an "audio communications and bio-technology operator is using technology to harass [Petitioner] and conduct unauthorized psycho-analyst research." (ECF No. 1 at 10.) This research is being "conducted by an unknown source that uses technology to play audio messages 24 hours a day and 7 days a week and collects feedback." (ECF No. 1 at 10.)

Plaintiff was arrested in September 2017 based upon alleged violations of California Penal Code sections 459 (burglary), 29800(a)(1) (possession of firearm by felon or person addicted to the use of any narcotic drug), and 594(b)(1) (vandalism). (ECF No. 1 at 15.) Petitioner informed his appointed counsel about the electronic harassment and asked counsel to enlist a scientific expert to use in the legal action, but counsel refused. When Petitioner sought to remove appointed counsel and proceed *pro se*, counsel raised a doubt about Petitioner's competency. (ECF No. 1 at 15.)

In October 2019, Petitioner was placed in Metropolitan State Hospital for purposes of competency review. (ECF No. 1 at 9-10.) Since his arrival, Petitioner has informed hospital staff and doctors about the electronic harassment, but they have refused to seriously investigate Petitioner's complaints. (ECF No. 1 at 9-10.) Petitioner sought to file a police report to complain about the electronic harassment and unauthorized psycho-surgery using nano-technology. Hospital staff told Petitioner to talk to the police. Petitioner contacted a police officer who was doing his rounds on the unit, but the officer refused to open an investigation. Petitioner has been unable to contact the police department to file a report. (ECF No. 1 at 11.)

Petitioner was originally housed in one unit, but subsequently transferred to another. Prior to the transfer, Petitioner placed all of his belongings into pillowcases. When his pillowcases were returned to him, several items were missing, including hygiene products, food, and $1.75 in quarters. (ECF No. 1 at 16.)

**GROUNDS FOR RELIEF**

The petition alleges the following grounds for relief: (1) Metropolitan State Hospital is failing to provide him with adequate medical care because the doctors have refused to remove nano-technology particles from his body; (2) staff at Metropolitan State Hospital are not taking the appropriate action to stop unauthorized psycho-analyst research; (3) hospital staff have obstructed due process by failing to assist Petitioner in his attempts to make a police report complaining about electronic

harassment; (4) Metropolitan State Hospital is not taking the appropriate action to stop unauthorized psycho-surgery; (5) Metropolitan State Hospital has not provided Petitioner with adequate access to the law library; (6) Metropolitan State Hospital policy does not permit use of a writing instrument for more than 15 minutes, making it difficult to complete legal paperwork; (7) Petitioner's appointed counsel provided ineffective assistance by refusing to obtain an expert, declaring a doubt as to Petitioner's competency, and failing to respond to Petitioner's correspondence or calls; (8) Metropolitan State Hospital employees unreasonably searched and seized Petitioner's property. (ECF No. 1 at 9-16.)

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition and direct the clerk to notify the petitioner. *See also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). For the following reasons, the petition is subject to summary dismissal.

A habeas corpus action necessarily entails a challenge to either a conviction or a sentence imposed by a state court judgment. *See* 28 U.S.C. § 2254 (a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When success on a petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," those claims do not fall within the "core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). Further, if a claim does not lie at "the core of habeas corpus," then "it may not be brought in habeas corpus." *Nettles*, 830 F.3d at 931, 934.

Petitioner's complaints about the adequacy of his medical treatment, limited

access to the law library and a writing instrument, and deprivation of property challenge only the conditions of his confinement. They have no bearing on the validity or length of his confinement. The same is true of Petitioner's complaint that he has been unable to file a police report. None of these claims, if successful, would affect the validity or length of his current confinement. Consequently, they may not be raised in a habeas corpus petition. *See Nettles*, 830 F.3d at 934-935 (petitioner's claim challenging disciplinary violation and seeking expungement was not cognizable in habeas corpus action because success on the merits of the claim would not necessarily entitle the petitioner to parole); *In re Armstead*, 2010 WL 2991525, at *1 (C.D. Cal. July 27, 2010) (summary dismissal appropriate where petitioner did not challenge a conviction or sentence). Based upon the foregoing, Petitioner's claims are dismissed without prejudice to him raising them in a civil rights action.[1]

To the extent that Petitioner's claim of ineffective assistance of counsel might be construed as related to the fact of his current custody, federal court consideration of his claim is inappropriate at this time because Petitioner's state court proceedings are pending. *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) ("Fundamental principles of comity and federalism prohibit the federal courts from enjoining ongoing state proceedings except under 'extraordinary circumstances.'") (quoting *Younger v. Harris*, 401 U.S. 37, 45 (1971)); *see also Hoye v. City of Oakland*, 653 F.3d 835, 843 n.5 (9th Cir. 2011) (the longstanding public policy against federal court interference with pending state court proceedings is sufficiently important that federal courts may raise abstention sua sponte). Thus, to the extent that any of Petitioner's claims might relate to the criminal proceedings against him, they are dismissed without prejudice to its refiling after Petitioner's state criminal proceedings (including his direct appeal) are completed and his federal claims have been properly presented to the California courts.

---

[1] The Court expresses no opinion as to the viability or merits of any such action.

Finally, although this Court may, after obtaining informed consent from a prisoner, recharacterize a mislabeled habeas corpus petition as a civil rights complaint, *see Nettles*, 830 F.3d at 935-936, the Court declines to do so here. A "habeas corpus action and a prisoner civil rights suit differ in a variety of respects – such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings – that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d at 936. Here, it is not clear whether the petition names the "correct defendants" or seeks the "correct relief." *See Nettles*, 830 F.3d at 936. In addition, the congressionally mandated filing fee for a prisoner civil rights complaint is currently $350 (plus a $50 administrative fee), whereas the fee for a habeas petition is $5. *See* 28 U.S.C. § 1914(a). While a civil rights action may proceed despite the prisoner's inability to prepay the entire $350 if he is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a), he must still agree to pay the entire filing fee in installments, even if his complaint is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). In these circumstances, conversion of the petition into a civil rights complaint is not appropriate. *See Jorgenson v. Spearman*, 2016 WL 2996942, at *1 (C.D. Cal. May 22, 2016).

\* \* \*

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4.

Date: April 14, 2020

Dale S. Fischer
United States District Judge